UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

           Plaintiff,

v.

HEIDI E. WASHINGTON, et al.,

           Defendants.

_____/

Case No. 2:26-cv-11136

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DISMISSING CASE

Michigan prisoner Martin Antonio Solomon, proceeding pro se, filed a 751-page pleading with a 336-page handwritten complaint, a 141-page handwritten brief, plus exhibits and appendices. The complaint named more than 50 defendants, including the Michigan Department of Corrections ("MDOC") Director Heidi Washington, MDOC administrators, prison wardens and employees, prison and hospital medical personnel/facilities, and several John and Jane Does.

The complaint also touched on facts across the state of Michigan: it talked about events at the Wayne County Circuit Court in Detroit; the Baraga Maximum Correctional Facility and Baraga Memorial Hospital in Baraga; the Chippewa Correctional Facility in Kincheloe; and the Robert J. Cotton Correctional Facility, the Duane Waters Health Care Center, and Henry Ford Hospital in Jackson, Michigan. The allegations, which appear to concern civil rights violations, span multiple years. Since filing the complaint, Solomon has filed hundreds more pages on the docket,

1

including motions for a temporary restraining order and preliminary injunction. ECF Nos.  2–7.[1] For the reasons below, the Court will dismiss the case.

## DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must sua sponte dismiss an in forma pauperis case that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

A *pro se* civil rights complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But Federal Rule of Civil Procedure 8(a) still requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

---

[1] Solomon is a three-striker who is not allowed to proceed without prepayment of the filing fee unless he demonstrates that he is under imminent danger of serious physical injury at the time he files his complaint. *See, e.g.*, *Solomon v. Correct Care Sols.*, No. 19-12062, 2019 WL 3425336, *1–2 (E.D. Mich. July 30, 2019) (denying application to proceed without prepayment of the filing fee due to Solomon's three-strike status and dismissing complaint).

"It is . . . axiomatic that complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed under Federal Rule of Civil Procedure 8." *Kuot v. Corr. Corp. of Am.*, No. 1:16-cv-00006, 2018 WL 655158, at \*1 (M.D. Tenn. Feb. 1, 2018); *see also Hamrick v. United States*, No. CIV.A. 10-857, 2010 WL 3324721, \*1 (D.D.C. Aug. 24, 2010) ("[C]ourts may dismiss an action *sua sponte* under Rule 8(a)(2) where the complaint sets forth a meandering, disorganized, prolix narrative or is so verbose, confused and redundant that its true substance, if any, is well disguised.") (citation modified).

Federal courts routinely dismiss such lengthy complaints, particularly when they involve numerous defendants, claims, events, locations, and/or time frames, because they are unwieldy to review and litigate. *See, e.g.*, *Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, at \*1 (6th Cir. Apr. 12, 1991) (unpublished table decision) (affirming dismissal of rambling 119-page complaint); *Ryan v. Michigan*, No. 2:20-cv-12502, 2021 WL 5585930, \*2–4 (E.D. Mich. Nov. 30, 2021) (dismissing prisoner's 350-page amended complaint against hundreds of prison officials at 12 prisons that spanned a 12-year period for failure to comply with Rule 8(a) and failure to state a conspiracy claim); *Falconer v. United States Gov't*, No. 2:19-cv-10961, 2019 WL 1651314, at \*2 (E.D. Mich. Apr. 17, 2019) (dismissing plaintiff's 220-page complaint for failure to comply with Rule 8(a)).

Here, Solomon's voluminous complaint named more than 50 defendants at multiple facilities located in both the Eastern and Western Districts of Michigan. And it alleged numerous civil rights violations, including the lack of proper medical care

and conspiracy across multiple years. Because Solomon has failed to submit a clear and concise statement of factual and legal allegations of unconstitutional conduct against the defendants, the complaint does not comply with Rule 8(a).

His complaint is extremely difficult, if not impossible, to review and litigate in an orderly fashion. Because of the pleading style, the Court cannot adequately screen the complaint to assess the claims against each defendant. It cannot determine whether the claims are properly joined in one action, are timely filed, and are not barred by *res judicata*. And the Court cannot rule on whether Solomon, as a three-striker, should be allowed to proceed without prepayment of the filing fee or rule on his motions for a temporary restraining order or preliminary injunction. The complaint must be dismissed.

## ORDER

For the reasons above, Solomon's complaint must be dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES** the civil rights complaint without prejudice. Further filings will again be subject to the Court's preliminary screening process. The instant case is closed and will not be reopened.

The Court makes no determination on Solomon's application to proceed without prepayment of the filing fee or his motion for temporary restraining order or preliminary injunction. No fees shall be assessed for this case.

Lastly, the Court concludes that an appeal cannot be taken in good faith. *See*

28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 24, 2026